**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-1651-CMA-KLM

TONYA MCKINNEY,

Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendant.

_____

**DEFENDANT'S MOTION TO DISMISS, IN PART, PLAINTIFF'S FIRST AMENDED
COMPLAINT PURSUANT TO Fed. R. Civ. P. 12(b)(6)**
_____

Defendant, State Farm Mutual Automobile Insurance Company, by and through its attorneys, Karen H. Wheeler and Jami A. Maul of Wheeler Law, Professional Corporation, hereby submits its Motion to Dismiss, in part, Plaintiff's First Amended Complaint, Pursuant to Fed. R. Civ. P. 12(b)(6), and states in support as follows:

**INTRODUCTION**

This case arises out of a motor vehicle accident that occurred on March 9, 2019. Plaintiff alleges she suffered injuries as a result of the negligence of Ashley Johnson and that she is entitled to underinsured motorist benefits because Ms. Johnson's insurance policy limits were insufficient to cover her damages.

Plaintiff filed suit on May 14, 2020 in Denver District Court, bringing three claims against State Farm: (1) breach of contract for uninsured motorist benefits, (2) statutory unreasonable delay or denial under C.R.S. § 10–3–1116, and (3) common law bad faith. Defendant removed this case to this Court on June 8, 2020. On June 15, 2020 Defendant moved to dismiss Plaintiff's second

1

and third claims for relief. On July 10, 2020 Plaintiff filed a First Amended Complaint in this Court. The factual allegations contained in Plaintiff's Amended Complaint still fail to satisfy the plausibility pleading standard for the second and third claims, and the Court should dismiss those claims for the reasons stated below. Additionally, the First Amended Complaint contains baseless and unsupported allegations of "attempted extortion," which should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and stricken as immaterial, impertinent and scandalous pursuant to Fed. R. Civ. P. 12(f).

## STANDARD

A motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim must be granted unless the complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). In order to survive a motion to dismiss, "the factual allegations of the complaint must be enough to raise a right to relief "above the speculative level" and a plaintiff must "provide the grounds of his entitlement to relief." *Id.* at 555 (internal citations omitted). "Only a complaint that states a plausible claim for relief survives a motion to dismiss" and, therefore, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (quoting *Twombly*, 550 U.S at 570). "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555 (internal citations omitted).

In reviewing the motion, the Court must accept all well-pleaded allegations in the complaint as true and construe them in favor of the non-moving party. *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991). Where the allegations are "so general that they encompass a wide

swath of conduct, much of it innocent," the allegations are not sufficient to survive dismissal. *Khalik v. United Air Lines*, 671 F.3d 11888, 1191 (10th Cir. 2012). Particularly relevant in this context, the "complaint must explain **what** each defendant did to him or her, **when** the defendant did it, **how** the defendant's actions harmed him or her, and **what specific legal right** the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (emphasis added). "[T]he complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ribbons v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal citations omitted).

## ARGUMENT AND AUTHORITIES

Plaintiff's Complaint, with respect to allegations against State Farm, consists largely of labels and conclusions, which cannot support her claims in the face of a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555 (internal citations omitted). Those factual allegations that exist pertain to settlement offers made by Defendant and, standing alone, are insufficient to raise the right to relief above a speculative level as to the second and third claims, and therefore Plaintiff has failed to state those claims. *Id*. Moreover, Plaintiff has made baseless allegations regarding "extortion" that are unsupported by Colorado law and must also be stricken pursuant to Fed. R. Civ. P. 12(f) as immaterial, impertinent and scandalous.

**A. The Second and Third Claims Share a Common Element that Requires the Plaintiff Sufficiently Plead that Defendant acted Unreasonably.**

A claim for unreasonable delay or denial of insurance benefits pursuant to C.R.S. § 10-3-1115 requires a showing that the insurer ***unreasonably*** delayed or denied benefits that were actually owed. C.R.S. § 10-3-1115(1)(a) (emphasis added). There are two distinct elements: (1) that insurance benefits were in fact owed; and (2) that the insurer delayed payment of same without any reasonable

3

basis. In order to prevail on a common law bad faith claim, the insured must prove: "1) the insurer acted unreasonably under the circumstances, and 2) the insurer either knowingly or recklessly disregarded the validity of the insured's claim." *Sanderson v. American Family*, 251 P.3d 1213, 1217 (Colo. App. 2010).

Plaintiff's second and third causes of action both require that Defendant act unreasonably. *Compare* C.R.S. § 10–3–1115(1)(a) *with Sanderson*, 251 P.3d at 1217. The reasonableness of an insurer's conduct is "determined objectively, based on proof of industry standards." *Goodson v. Am. Standard Ins. Co. of Wisconsin,* 89 P.3d 409, 415 (Colo. 2004). Under Colorado law, the proper inquiry is whether "there is sufficient evidence from which reasonable jurors could conclude that in the investigation, evaluation, and processing of the claim, the insurer acted unreasonably… ." *Sanderson*, 251 P.3d at 1217. Under Colorado law, "an insurer may challenge claims that are fairly debatable and will not be found to have acted in bad faith unless it intentionally denied (or failed to process or pay) a claim without a reasonable basis." *Brandon v. Sterling Colorado Beef Co.*, 827 P.2d 559, 561 (Colo. App. 1991). "[I]t is reasonable for an insurer to challenge claims that are fairly debatable," and "an insurer is under no obligation to negotiate a settlement when there is a genuine disagreement as to the amount of compensable damages payable under the terms of an insurance policy." *Vacarro v. American Family Insurance*, 275 P.3d 750, 760 (Colo. App. 2012) (internal citations omitted).

## B. The Factual Allegations as to the Common Element in the Complaint Are Insufficient to State a Plausible Claim for Relief.

The determination of whether or not a complaint states a plausible claim for relief is a context-specific task that requires the Court to draw on its judicial experience and common sense. *Iqbal*, 556 U.S. at 579. An application of the Court's experience and common sense to the context

4

in this case reveals that Plaintiff's Complaint does not contain any factual allegations regarding the reasonableness or unreasonableness of State Farm's conduct that would raise her right to relief above a speculative level under Colorado law. Any conclusory allegations, such as that State Farm failed to act reasonably, are insufficient to support the claims absent some factual allegations as to what the conduct was and how it may have been unreasonable. *See Bell Atl. Corp. v. Twombly*, 550 U.S. at 555. Here, the only specific factual allegations in this case, standing alone, do not support any claim of unreasonable conduct under Colorado law.

> **i.     Plaintiff's allegations regarding State Farm's failure to pay a rejected settlement offer and State Farm's request that Plaintiff sign a settlement release do not support her claims under Colorado law.**

It appears the true bases of Plaintiff's second and third claims for relief are Plaintiff's allegations regarding State Farm's settlement offers made and State Farm's request that Plaintiff sign a release. *First Amended Complaint*, ¶¶ 19-36. These allegations support neither a claim for common law bad faith nor a claim for unreasonable delay or denial of insurance benefits under Colorado law. Plaintiff concedes that the amount of her medical expenses was well beneath the amount of her settlement with Ms. Johnson and well below Ms. Johnson's policy limits. *First Amended Complaint*, ¶¶ 15, 19, Plaintiff has not asserted in her complaint that she is owed more economic damages than set forth in paragraph 19 of her complaint. Since Plaintiff concedes she received payment (through Ms. Johnson's policy) for all economic damages, the remaining amounts claimed, including the remainder of Ms. Johnson's policy in excess of the economic damages and also the amounts claimed to be owed pursuant to State Farm's policy, can represent only non-economic damages. *First Amended Complaint*, ¶¶ 15, 19. In light of this, Plaintiff seems to base her bad faith and unreasonable delay or denial claims solely on the premise that State Farm was obligated to

issue payment to Plaintiff of its highest settlement offer of $6,844 to resolve her UIM claim, even though she did not accept this settlement offer.

### a. Plaintiff's allegations that Defendant's settlement offer constituted its evaluation of her claim and that it was required to pay the same is contrary to Colorado law.

Plaintiff alleges State Farm made a number of settlement offers to Plaintiff and that the highest offer of settlement was in the amount of $6,844. *First Amended Complaint*, ¶ 22. Despite specific correspondence from State Farm that states otherwise (which Plaintiff quotes in her Complaint) Plaintiff argues that the offer constituted an evaluation of the claim that must be paid in full. *First Amended Complaint*, ¶¶ 34-35. Colorado law is clear that evaluations and settlement authority do not bind insurers and make those amounts undisputed which must be paid under the policy. *Fisher v. State Farm Mut. Auto. Ins. Co.*, 419 P.3d 985, 988 (Colo. App. 2015) (*Fisher* I) *aff'd State Farm Mut. Auto. Ins. Co. v. Fisher*, 418 P.3d 501, 506 (Colo. 2018) (*Fisher* II). Therefore, the mere fact that State Farm has offered Plaintiff $6,844 is legally insufficient to support a claim for bad faith and unreasonable delay or denial.

The *Fisher I* Court explicitly states an insurance company does not violate section 10-3-1115 by failing to pay a settlement offer rejected by the insured. *Id.* ("State Farm is correct that an assertion that it breached its duty under section 10–3–1115 by failing to pay Fisher the initial settlement offer is inconsistent with Colorado law.") Further, under Colorado law, "settlement authority *does not* constitute a final, objective assessment of a claims [sic] worth to which an insurer may be held." *Sunahara v. State Farm Mut. Auto. Ins. Co.*, 280 P.3d 649, 656 (Colo. 2012). In Colorado settlement authority is not only irrelevant to an uninsured motorist claim, it is not even discoverable. *Id.* Further, under the Federal Rules of Evidence, offers of settlement are inadmissible as evidence of the value or validity of a claim. Fed. R. Evid. 408(a)(1).

Plaintiff alleges that that State Farm valued the claim at $6,844.00. *First Amended Complaint* ¶¶ 35, 36. However, Colorado law is clear that, even if a settlement offer constitut an evaluation, an evaluation as described by Plaintiff does not bind the insurer to pay that amount on a claim. *Sunahara,* 280 P.3d at 656.   Plaintiff's allegation that "[o]n May 4, 2020, State Farm said that it did "not have the claim evaluated *above* $6,844.00," confirming that it did indeed evaluate the claim as being worth at least $6,844.00," is logically flawed and incorrect on its face.  Not having the claim evaluated *above* $6,844.00 indicates that settlement value of the claim was *at most* $6,844.00. It does not logically follow that the claim was evaluated *at* $6,844.00 simply because the settlement range was not valued above that amount.  Thus, in the context of this Complaint, this amount represents a disputed offer to resolve a claim for non-economic damages.

While generally the Court cannot consider materials outside the complaint without converting the motion to a motion for summary judgment, the Court may consider "documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007).  Attached as **Exhibit A** are the October 10, 2019; November 18, 2019; November 21, 2019; November 25, 2019, January 14, 2020, February 6, 2020, March 25, 2020, April 22, 2020, April 23, 2020, April 28, 2020, April 30, 2020, May 4, 2020 letters referenced in Plaintiff's First Amended Complaint as the communications regarding settlement offers..  These letters clearly indicate that the communications and offers were made for the purposes of settlement of a disputed valuation of Plaintiff's UIM claim.  **Exhibit A.**

Such a vague allegation as to State Farm's "value" of Plaintiff's claim is insufficient to satisfy the pleading standard articulated in *Iqbal* and *Twombly, supra*, as the conduct alleged is equally consistent with non-tortious conduct, such as setting reserves and settlement authority. *See Khalik v.*

7

*United Air Lines*, 671 F.3d 11888, 1191 (10th Cir. 2012). This allegation is coupled with the clear indication in Plaintiff's that Plaintiff's medical bills ($15,000 according to the Complaint) were less than the amount of Ms. Johnson's policy limits ($25,000.00). *First Amended Complaint* ¶¶ 15, 19. Therefore, any damages covered by Plaintiff's UIM policy are non-economic damages. This precise issue was addressed and actually decided in *Fisher*. Fisher argued in the *Fisher* I case that State Farm's initial offer to settle was an undisputed amount. The Court of Appeals clearly and specifically rejected that argument. *Fisher* I at 988 ("State Farm is correct that an assertion that it breached its duty under section 10–3–1115 by failing to pay Fisher the initial settlement offer is inconsistent with Colorado law."). The *Fisher* I Court held that Colorado law "prohibits the conclusion that State Farm's initial settlement offer represents an admission that the amount of the offer was the amount of benefits owed to Fisher for his medical expenses." *Id*.

The Colorado Supreme Court has clearly stated that settlement authority does not accurately reflect the insurer's valuation of a particular claim and is not an admission of liability. *Sunahara*, 280 P.3d at 656. Further, liability assessments, fault evaluations, and other similar methods used to create reserves and settlement authority treated the same as the reserves and liability itself. *Id*. at 657. In this case, Plaintiff argues that the range of State Farm's settlement offers is inherently an undisputed benefit owed under the policy. Such an argument goes against the weight of Colorado Law as discussed above, which clearly indicates that insurers have the ability to conduct evaluations and assessments without necessarily binding themselves to those numbers.

**b. Plaintiff's allegations regarding Defendant's request that she sign a release to resolve her underinsured motorist claim cannot support her extra-contractual claims under Colorado law.**

Plaintiff also appears to allege that Defendant has acted inappropriately by requesting that

Plaintiff sign a settlement release to resolve the underinsured motorist claim. *See Amended Complaint*, ¶¶ 22. ,23, 31, 33, 35. In fact, Colorado courts have expressly endorsed an insurer's ability to negotiate a settlement on a claim. *See Fisher v. State Farm. Mut. Auto. Ins. Co.*, 419 P.3d 985, 988 (Colo. App. 2015) *aff'd State Farm Mut. Auto. Ins. Co. v. Fisher*, 418 P.3d 501 (Colo. 2018). As any attorney knows, when there is a dispute as to the value of benefits owed, releases are an inherent part of a settlement. A compromise of the disputed amount, in exchange for a release, is the consideration the payor receives from the payee. Plaintiff's broad assertion that a UIM insurer is prohibited by law from conditioning payment of a disputed claim on a release has no basis in the law and cannot support Plaintiff's second and third claims Further, as set forth above, State Farm explicitly informed Plaintiff that the settlement offer did not constitute an undisputed amount.

Notably, U.S. District Court Judge R. Brooke Jackson recently dismissed the extra-contractual claims in a similar complaint, in which the few factual allegations in the complaint solely concerned Plaintiff's allegation that the insurer should have issued payment for its settlements offers, finding that these allegations did not support the claims under Colorado law. *See* **Exhibit B**, Order in *Irey v. State Farm Mutual Automobile Insurance Company*, United States District Court for the District of Colorado, Civil Action No. 1:20-cv-01324-RBJ, 2020 WL 3577736 (D. Colo. July 1, 2020). Likewise, U.S. District Court Judge Daniel D. Domenico recently granted summary judgment on extra-contractual claims where, as here, the sole complaint against the insurer was that it had not paid additional non-economic damages where the economic damages were well below the tortfeasor's policy limits. *See* **Exhibit C**, Order in *Vonstrohe v. State Farm Mutual Automobile Insurance Company*, Civil Action No. 1:19-cv-02318-DDD-SKC, (D.Colo. July 16, 2020).

### ii. Conclusory allegations alone are insufficient to support Plaintiff's claims.

The remaining allegations in Plaintiff's complaint concerning State Farm are conclusory allegations without any factual support or allegations that simply do not, standing alone, state any wrongdoing of State Farm as they are equally consistent with non-tortious conduct. The allegations within the claims for relief themselves are completely conclusory without any reference to specific facts in this case. *First Amended Complaint*, ¶¶ 48–56. The few factual allegations are insufficient to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Other than allegations addressed specifically in more detail below regarding State Farm's settlement offers, no other factual allegations concerning State Farm can plausibly or logically support these claims.

Many of the allegations in the Complaint concern the motor vehicle accident and settlement with the tortfeasor, rather than any conduct of State Farm. Plaintiff makes additional factual allegations that have no bearing on whether or not Defendant acted reasonably in evaluating her claim. Plaintiff alleges that Defendant has not told her that she is not cooperating. *First Amended Complaint*, ¶ 46. None of the allegations in the Complaint plausibly suggest that the conduct alleged in paragraphs 46 is unreasonable. Just before that, Plaintiff alleged, albeit in a conclusory manner, that that she has complied with State Farm's requests and has cooperated with State Farm. *First Amended Complaint* ¶¶ 44-45. Thus, it would be completely reasonable for Defendant to have not told Plaintiff that she failed to cooperate, and those allegations cannot plausibly support a bad faith or unreasonable delay or denial claim. Plaintiff also makes allegations regarding what State Farm "is aware of" or "does not dispute" with respect to the accident, but none of these allegations, absent some other related misconduct alleged against State Farm, can support the

10

extra-contractual claims. *See e,g,, First Amended Complaint*, ¶¶ 39-41.These factual allegations simply do not allege facts that, if true, plausibly suggest that Defendant engaged in unreasonable conduct.

The United States Supreme Court has stated that the plausibility standard "asks for more than a sheer possibility that a defendant acted unlawfully." *Iqbal*, 556 U.S. at 678 (internal citations and quotations omitted). Plaintiff's Complaint is the exact type of complaint the Supreme Court was talking about when it stated an explicit requirement for more than "labels and conclusions or a formulaic recitation of the elements of a cause of action" and "naked assertions devoid of further factual enhancement." *See id.* Once the Court disregards all of the conclusory allegations and legal conclusions, the Complaint does not contain any allegations of conduct that can support Plaintiff's extra-contractual claims. Plaintiff has failed to plead that in this case, Defendant's alleged conduct plausibly establishes an entitlement to relief.

**C. Plaintiff's allegations regarding attempts to "extort a release" are not supported by law and are impertinent and scandalous and should be dismissed and stricken pursuant to F.R.C.P. 12(b)(6) and 12(f).**

In two separate paragraphs Plaintiff alleges that Defendant attempted to "extort a release." *First Amended Complaint* ¶¶ 31and 33.  Although it is not clear that Plaintiff is actually attempting to make a claim for extortion, the factual allegations in the Amended Complaint are insufficient as a matter of law to even support a conclusory allegation of extortion.  Fed. R. Civ. P. 12(b)(6). Additionally, the claims are scandalous and impertinent and should be stricken pursuant to Fed. R. Civ. P. 12(f).

"Colorado does not have a civil extortion statute."  *Zueger v. Goss*, 343 P.3d 1028, 1037 (Colo.App.2014).  In *Zueger*, the Court upheld the dismissal of claim for civil extortion after

11

assuming without deciding that Colorado recognized such a claim, and that the claim was analogous to criminal extortion. *Id.* at 1038. The Court thus concluded that a prima facie showing of the elements in the criminal statute, C.R.S. 18-3-207(1), was required. *Id.* at 1038. This requires a showing that Defendant, "without legal authority, threatened to cause economic injury to them, with the intent to induce them, against their will, to do an act." *Id.* (internal citations omitted). The allegations in the First Amended Complaint do not support a such a showing. Likewise, the communications attached in **Exhibit A** do not support this allegation.

The *Zueger* Court specifically determined that settlement discussions or the fact of settlement do not indicate that an agreement was against a party's will so to support a claim for extortion. *Id.* Here Plaintiff alleges a course of settlement negotiations wherein multiple offers of payment were made by Defendant. *First Amended Complaint* ¶ 21. "Settlement implies a compromise; it does not establish conduct against one's will." *Zueger,* 343 P.2d at 1038. The letters referenced by Plaintiff simply do not indicate any of the elements of an extortion claim or that Plaintiff was threatened in an attempt to get her to do something against her will. Plaintiff received offers of payment to settle a disputed claim. Clearly an offer of payment from an insurance company is neither an unlawful act nor threat of economic injury. Plaintiff specifically alleges that she had underinsured motorist benefits under her State Farm policy. *First Amended Complaint* ¶ 21. Certainly, an attempt by an insurance company to settle that disputed claim, in and of itself, cannot be considered an unlawful act. Similarly, Plaintiff's allegations concerning State Farm's request for a release of liability do not create a prima facie showing of an unlawful act as required by the criminal extortion statute. As set forth above, Colorado Courts have specifically endorsed an insurer's ability to negotiate a settlement on a claim. *See Fisher v. State Farm. Mut. Auto. Ins. Co.*, 419 P.3d 985, 988 (Colo. App. 2015) *aff'd State Farm Mut. Auto. Ins.*

*Co. v. Fisher*, 418 P.3d 501 (Colo. 2018).

None of the allegations in the Complaint indicate that State Farm threatened any kind of economic injury or attempted to induce Plaintiff, against her will, to do an act. Such a holding would mean that every time any claimant or party to a lawsuit was asked to sign a settlement agreement in order to resolve a claim, the requesting party would be committing extortion. This is simply nonsensical.

Finally, it is appropriate to strike material in the pleading that is immaterial, impertinent, or scandalous. Fed. R. Civ. P. 12(f). Because an allegation of extortion is not supported by any factual allegations in the Complaint and is also not an element of any claim attempted to be pleaded in the First Amended Complaint, the allegations are both immaterial and impertinent. Additionally, "irrelevant allegations will be stricken as scandalous only if they degrade defendants' moral character, contain repulsive language, or detract from the dignity of the court." *Sierra Club v. Tri-State Generation and Transmission Ass'n, Inc.*, 173 F.R.D. 275 (D.Colo. 1997); *citing Nault's Auto. Sales v. American Honda Motor Co.,* 148 F.R.D. 25, 30 (D.N.H. 1993). Baseless allegations of criminal conduct degrade the Defendant's moral character and should be stricken.

WHEREFORE Defendant State Farm respectfully requests this court dismiss, with prejudice, all Plaintiff's claims set forth in claims for relief two and three as well as dismiss and strike any allegations of extortion. Defendant further requests such further relief as this court deems appropriate.

DATED this 24th day of July, 2020.

Respectfully submitted,

s/ *Karen H. Wheeler*
Karen H. Wheeler
Wheeler Law, P.C.
5690 DTC Boulevard, Suite 240E
Greenwood Village, Colorado 80111
Telephone: (303) 221-4787
Office@wheeler5280.com

Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-1651-CMA- KLM

TONYA MCKINNEY,

Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendant.
_____

**CERTIFICATE OF SERVICE**
_____

I hereby certify that on July 24, 2020, I electronically filed the foregoing **DEFENDANT'S MOTION TO DISMISS, IN PART, PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO Fed. R. Civ. P. 12(b)(6)** with the Clerk of Court for filing and uploading to the CM/ECF system which will send notice to the following email addresses:

Joseph M. Sirchio, Esq.
Jon M. Topolewski, Esq.
Elisabeth L. Owen, Esq.
FRANKLIN D. AZAR & ASSOCIATES, P.C.
14426 East Evans Avenue
Aurora, CO 80114
T: 303-757-3300
F: 303-757-3206
sirchioj@fdazar.com
topolewskij@fdazar.com
owenl@fdazar.com

Attorneys for Plaintiff

s/ *Karen H. Wheeler*
Karen H. Wheeler