**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 20-cv-01651-CMA-KLM

TONYA MCKINNEY,

      Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

      Defendant.

---

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the February 16, 2021 Recommendation of United States Magistrate Judge (Doc. # 55), wherein Magistrate Judge Kristen L. Mix recommends that this Court grant in part and deny in part Defendant's Partial Motion to Dismiss for Failure to State a Claim (Doc. # 28) and dismiss Plaintiff's extracontractual claims for statutory unreasonable delay or denial of benefits and common law bad faith breach of insurance contract pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff timely objected to the Recommendation. For the following reasons, the Court adopts the Recommendation and grants in part and denies in part Defendant's Partial Motion to Dismiss.

## I.    __BACKGROUND__[1]

Judge Mix described the factual background of this case in the Recommendation (Doc. # 55 at 2–4), which is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). The Court therefore recounts only the facts necessary to address Plaintiff's objections to the Recommendation.

This case arises from claims made by Plaintiff under an insurance policy (the "Policy") issued to Plaintiff by State Farm. *See* (Doc. # 19 at ¶ 17). On March 9, 2019, Plaintiff was injured in a car accident. (*Id.* at  ¶¶ 5, 7, 9.) The at-fault driver was cited for careless driving and was insured under an automobile insurance policy issued by Geico with liability limits of $25,000 per person and $50,000 per incident. (*Id.* at ¶ 38.) With State Farm's consent, Geico timely paid its policy limits to Plaintiff in compensation for her injuries. (*Id.* at ¶ 15.) The at-fault driver was underinsured. (*Id.* at ¶ 6.)

At the time of the collision, Plaintiff was insured under State Farm's Policy for underinsured motorist ("UIM") benefits, with coverage limits of $50,000 per person and $100,000 per incident. (*Id.* at ¶¶ 16–17.) Plaintiff timely notified State Farm of her UIM claim and asked it to pay her benefits owed under the terms of the Policy. (*Id.* at ¶¶ 18, 20.) Plaintiff provided State Farm medical records and medical bills documenting her injuries, damages, and losses, including approximately $15,000 in medical expenses. (*Id.* at ¶ 19.) State Farm then "made multiple 'offers' to 'settle'" Plaintiff's claims, extending an initial offer of $2,500 and ultimately providing its highest offer of $6,844 in

---

[1] For the purposes of deciding the instant Motion, the Court accepts the well-pleaded facts in the Amended Complaint as true and views the allegations in the light most favorable to Plaintiff. *Casanova v. Ulibarri*, 595 F.3d 1120, 1124–25 (10th Cir. 2010).

January of 2020. (*Id.* at ¶ 21.) According to Plaintiff, in communicating each of these offers, State Farm "attempted to elicit a release of [its] further liability" and intended "that payment of any monies to Ms. McKinney [would] be 'inclusive of all damages, known and unknown.'" (*Id.* at ¶¶ 21–23.)

In November of 2019, Plaintiff acknowledged and rejected State Farm's settlement offer of $2,500 and made a counteroffer of $20,000. *See* (Doc. # 40-1). In January of 2020, Plaintiff acknowledged and rejected State Farm's increased settlement offer of $6,844 and made a counteroffer of $12,500. *See* (Doc. # 40-2 at 1). Plaintiff alleges that, after the offer of $6,844, she "repeatedly made clear that she would agree to State Farm's payment of that amount of money to her, but also that she did not agree to sign a release." (Doc. # 19 at ¶ 24.) In March and April of 2020, Plaintiff requested that State Farm tender payment in the amount of $6,844 and asked, if some part of the claim was disputed, that State Farm "promptly provide a reasonable explanation for the basis of its compromise settlement." (*Id.* at ¶¶ 26–27.) Plaintiff also stated that "[w]e don't think it's unreasonable to expect State Farm to follow the law so we request that State Farm immediately tender the $6,844.00 it is withholding from Ms. McKinney and continue to evaluate and investigate the claim." (*Id.* at ¶ 28.) State Farm did not pay and, according to Plaintiff, "repeatedly attempted to extort a release out of [her]." (*Id.* at ¶ 31.)

On March 25, 2020, State Farm asked Plaintiff to advise if "we are at an impasse" and to provide "a counter demand so that we may continue to discuss settlement of the claim and resolution." (*Id.* at ¶ 29.) On April 23, 2020, after Plaintiff

continued to demand the $6,844 payment, State Farm sent a letter enclosing payment in the amount of $2,500 stating, "[o]ur efforts to resolve this claim through negotiation were not successful and appear to have reached an impasse. Under these circumstances we are advancing the amount of our initial offer." (*Id*. at ¶ 32.)

Plaintiff alleges that State Farm's "offered" amount of $6,844 is within the range of value State Farm assigned to Plaintiff's claim for UIM benefits or, put differently, that State Farm agreed that Plaintiff's claim is worth at least $6,844. (*Id*. at  ¶ 3.) Plaintiff further alleges that there is no basis in the Policy or Colorado law for State Farm to require its insured to sign a release in order to receive payment of UIM benefits. (*Id*. at ¶ 35.) Additionally, Plaintiff alleges that, in failing to pay her the full amount of its evaluation of $6,844 and delaying the $2,500 payment, State Farm failed to adequately investigate Plaintiff's claim and pay additional benefits owed. (*Id*. at ¶ 36.)

In her Amended Complaint, Plaintiff asserts three claims against State Farm: (1) breach of contract; (2) statutory unreasonable delay or denial of benefits under Colo. Rev. Stat. § 10–3–116; and (3) common law bad faith breach of insurance contract. *See generally* (*id*.). This Court referred the instant Motion to Dismiss to Judge Mix, who issued her Recommendation on February 16, 2021. (Doc. # 55.) Plaintiff timely objected to the Recommendation. (Doc. # 57.) Defendant filed a response. (Doc. # 58.)

## II.   <u>LEGAL STANDARDS</u>

### A.   REVIEW OF A RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de*

*novo* any part of the magistrate judge's [recommended] disposition that has been

properly objected to." An objection is properly made if it is both timely and specific.

*United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d

1057, 1059 (10th Cir. 1996). In conducting its review, "[t]he district judge may accept,

reject, or modify the recommended disposition; receive further evidence; or return the

matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In the absence of a timely objection, however, "the district court may review a

magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*,

927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)

(stating that "[i]t does not appear that Congress intended to require district court review

of a magistrate's factual or legal conclusions, under a de novo or any other standard,

when neither party objects to those findings.")).[2]

## B.     FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to

dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R.

---

[2] The Recommendation advised the parties that specific written objections were due within fourteen days after being served with a copy of the Recommendation. (Doc. # 55 at 19.) Despite this advisement, neither party objected to the Recommendation to the extent it concludes that State Farm's request to strike certain portions of the Amended Complaint under Fed. R. Civ. P. 12(f) should be denied. *See* (*id.* at 17–18.) In the absence of a timely objection, "the district court may review a [judge's] report under any standard it deems appropriate." *Summers*, 927 F.2d at 1167. After reviewing the Recommendation's findings that relate to the Defendant's request to strike certain allegations in Plaintiff's Amended Complaint, in addition to applicable portions of the record and relevant legal authority, the Court is satisfied that the Recommendation is sound and not clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a). Accordingly, the Court affirms and adopts the Recommendation's findings and conclusions regarding State Farm's request to strike certain allegations in the Amended Complaint and partially denies the Motion to Dismiss on this basis.

Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of [a] plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1198. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is **plausible** on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

However, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc. v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained

in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Nor does the complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

### III.   DISCUSSION

In the instant Partial Motion to Dismiss, State Farm argues that Plaintiff has failed to state a claim for statutory unreasonable delay or denial of benefits and common law bad faith breach of insurance contract because the Amended Complaint does not allege that Defendant engaged in reasonable conduct under Colorado law. (Doc. # 28 at 3–11.) For the following reasons, the Court agrees with Judge Mix's conclusion that Plaintiff's extracontractual claims fail as a matter of law and overrules Plaintiff's objections to the Recommendation.

### A.   THE RECOMMENDATION

In her Recommendation, Judge Mix concluded that Plaintiff's allegations concerning State Farm's conduct fail to state a claim for relief that is plausible on its face. Judge Mix found it undisputed that Plaintiff was engaged in settlement negotiations with State Farm, and that she made counter-demands in response to State Farm's increasing settlement offers. (Doc. # 55 at 10.) Judge Mix further found that Plaintiff had already been paid the undisputed amount that she was owed in economic damages—i.e., $15,000 in medical bills—so her UIM claim against State Farm was for a

disputed amount of non-economic damages. Applying Colorado law, Judge Mix determined that Plaintiff had failed to state an extracontractual claim under any of her theories of liability—i.e., that State Farm acted unreasonably by (1) delaying payment of its initial settlement offer of $2,500; (2) failing to pay Plaintiff its highest settlement offer of $6,844; and (3) conditioning its settlement payment of $6,844 on Plaintiff's release of her UIM claim against State Farm.

**B.     PLAINTIFF'S OBJECTIONS**

Plaintiff objects to the Recommendation on two grounds. First, Plaintiff argues that Judge Mix applied the wrong standard of review to Plaintiff's allegations at the 12(b)(6) stage. Second, Plaintiff objects to the Recommendation's substantive conclusions by arguing that Judge Mix misapplied Colorado law in concluding that Plaintiff has failed to plausibly state a claim for relief. The Court addresses each objection in turn.

1.     Whether Judge Mix Applied the Correct Legal Standards

First, the Court overrules Plaintiff's objection that Judge Mix erred in applying incorrect legal standards at the 12(b)(6) stage. The Court finds that, in resolving the Motion to Dismiss, Judge Mix properly considered correspondence outside the pleadings and treated Plaintiff's well-pleaded allegations as true.

As a general rule, matters outside the pleadings may not be considered in ruling on a 12(b)(6) motion unless the motion is converted to one for summary judgment. Fed. R. Civ. P. 12(b); *David v. City & County of Denver,* 101 F.3d 1344, 1352 (10th Cir. 1996). There are three limited exceptions to this general principle: (i) documents that

the complaint incorporates by reference; (ii) documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity; and (iii) matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 941 (10th Cir. 2002). "[F]actual allegations that contradict a properly considered document are not well-pleaded facts that the court must accept as true." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997).

In this case, Judge Mix properly considered documents external to the Amended Complaint in finding that State Farm and Plaintiff were engaged in settlement negotiations. State Farm attached to its Motion to Dismiss letters to Plaintiff from State Farm dated October 10, 2019; November 18, 2019; November 21, 2019; November 25, 2019; January 14, 2020; February 6, 2020; March 25, 2020; April 22, 2020; April 23, 2020; April 28, 2020; April 30, 2020; and May 4, 2020, which Judge Mix properly considered because the letters are referred to in Plaintiff's Amended Complaint, are central to Plaintiff's claims, and their authenticity is undisputed. Likewise, State Farm attached to its Reply responses to those letters from Plaintiff, which Judge Mix properly considered because they are referred to in the Amended Complaint, are central to Plaintiff's claims, and their authenticity is undisputed.

Plaintiff argues in her Objection that Judge Mix failed to treat her allegations in the Amended Complaint as true. In so arguing, Plaintiff misstates Judge Mix's analysis in the Recommendation. Judge Mix accepted Plaintiff's factual allegations in the

Amended Complaint as true and found that her allegations failed to state a claim under Colorado law. For the reasons described below, the Court finds no error in that analysis.

    2.    <u>Whether Plaintiff Has Failed to State Extracontractual Claims Under Colorado Law</u>

    Next, Plaintiff objects that Judge Mix misapplied Colorado law in concluding that she has failed to state a common law or statutory bad-faith claim. The Court disagrees.

        *a.*    *Applicable law*

    Under Colorado law, both common law and statutory bad faith claims require a showing of unreasonable conduct. *Trujillo v. State Farm Mut. Auto. Ins. Co.*, No. 18-cv-0410-WJM-NRN, 2019 WL 3996882, at *8 (D. Colo. Aug. 23, 2019) (citing *Goodson v. Am. Standard. Ins. Co. of Wisc.*, 89 P.3d 409, 414 (Colo. 2004)). However, a common law bad faith claim requires the insured to sufficiently allege both that the insurer acted unreasonably under the circumstances and that the insurer knowingly or recklessly disregarded the validity of the insured's claim, while "the only element at issue in a statutory claim is whether an insurer denied [or delayed] benefits without a reasonable basis." *Fisher v. State Farm Mut. Auto. Ins. Co.*, 419 P.3d 985, 990 (Colo. App. 2015) (*Fisher I*) (citations omitted), *aff'd State Farm Mut. Auto. Ins. Co. v. Fisher*, 418 P.3d 501, 506 (Colo. 2018) (*Fisher II*).

    The instant case is a first-party case. "[F]irst-party cases differ from third-party cases because, in a first-party action, the defendant insurance company owes the plaintiff-insured a duty of good faith." *Sunahara v. State Farm Mut. Auto. Ins. Co.*, 280 P.3d 649, 657 (Colo. 2012). The basis for liability is "the insurer's conduct in unreasonably refusing to pay a claim and failing to act in good faith," so the proper

inquiry is "whether reasonable jurors could conclude that in the investigation, evaluation, and processing of the claim, the insurer acted unreasonably. . . ." *Sanderson v. Am. Fam.*, 251 P.3d 1213, 1217–19 (Colo. App. 2010). The reasonableness of the insurer's conduct is viewed objectively. *Id.* at 1217.

> b.    *Analysis*

Plaintiff argues that a reasonable jury could find that State Farm acted unreasonably in delaying payment of its initial settlement offer, failing to pay her its highest settlement offer, and conditioning its payment of the highest settlement offer on the execution of a release of Plaintiff's UIM claim. For the reasons described below, Plaintiff's theories of liability are not viable under Colorado law. Therefore, taking all well-pleaded factual allegations as true, Plaintiff has failed to state a claim for either statutory unreasonable delay or denial of benefits or common law bad faith breach of insurance contract as a matter of law.

> i.    <u>State Farm's initial settlement offer</u>

First, Plaintiff's theory that State Farm was obligated to pay her its initial settlement offer, and unreasonably delayed in doing so, is unfounded. The Colorado Court of Appeals expressly rejected this theory of liability in *Fisher I*:

> State Farm is correct that an assertion that it breached its duty under section 10–3–1115 by failing to pay Fisher the initial settlement offer is inconsistent with Colorado law. As the trial court explained in a pretrial order, CRE 408 expressly prohibits the admission into evidence of the amount of a settlement offer to prove the "amount of a claim that was disputed." Colorado law thus prohibits the conclusion that State Farm's initial settlement offer represents an admission that the amount of the offer was the amount of benefits owed to Fisher for his medical expenses.

419 P.3d at 988, *aff'd,* 418 P.3d 501. Given that State Farm was not obligated to pay Plaintiff its initial settlement offer under Colorado law, its purported delay in paying Plaintiff that amount is reasonable as a matter of law.

Plaintiff attempts to argue that State Farm was obligated to pay her the amount of its initial settlement offer under the Colorado Supreme Court's decision in *Fisher II*. However, in *Fisher II*, the Colorado Supreme Court decided that "auto insurers have a duty to pay **undisputed** portions of a UIM claim—like the medical expenses at issue [in *Fisher II*]—even though other portions of the claim remain disputed." 418 P.3d at 502. It affirmed the judgment of the Court of Appeals in *Fisher I*, holding that "insurers have a duty not to unreasonably delay or deny payment of covered benefits, even though other components of an insured's claim may still be reasonably in dispute." *Id.* In this case, Plaintiff's undisputed expenses have already been paid; Plaintiff had $15,000 in medical bills and was paid $25,000 by the at-fault driver's insurance company. As such, State Farm's settlement offers to Plaintiff were made for the purposes of settling a **disputed** valuation of Plaintiff's non-economic damages.[3] *Fisher II*'s holding that undisputed portions of a claim must be paid is not implicated in this case.

---

[3] As Judge Mix explained, "there is no sum certain that an insured is entitled to for noneconomic damages, and the parties' acknowledged negotiations to settle the claim are indicative of the fact that there was a 'legitimate dispute' over the value of such damages." (Doc. # 55 at 13 (citing *Davis v. Mid-Century Ins. Co.*, 311 F.3d 1250, 1252 (10th Cir. 2002) (finding that the "'tort of bad faith does not prevent the insurer from resisting payment or resorting to a judicial forum to resolve a legitimate dispute.'"))).

*ii.*     *State Farm's highest settlement offer*

Plaintiff's second theory of liability—i.e., that State Farm acted unreasonably in failing to pay its highest settlement offer of $6,844, is equally unfounded in Colorado law. Under Colorado law, reserves and settlement authority do not "reflect an admission by the insurance company that a claim is worth a particular amount of money" because they reflect a "basic assessment of the value of a claim taking into consideration the likelihood of an adverse judgment, but do not normally entail a thorough factual and legal evaluation." *Sunahara*, 280 P.3d at 656 (citing *Silva v. Basin Western Inc.*, 47 P.3d 1184, 1190–91 (Colo. 2002)).

The Court finds, as Judge R. Brooke Jackson recently concluded in rejecting the theories of liability that Plaintiff relies on in this case, that

> [t]he insurer's offers of settlement were just that. They were not admissions or agreements that the plaintiff is owed the amount of the settlement offer. Plaintiff's attempt to turn the insurer's effort to negotiate a settlement into statutory and common law bad faith claims is unfounded and would create a dubious and dangerous precedent.

*See Irey v. State Farm Mutual Automobile Insurance Company*, Civil Action No. 1:20-cv-01324-RBJ (Doc. # 39); *see also Irey*, 2020 WL 3577736 (D. Colo. October 21, 2020); *accord Voland v. Farmers Ins. Co. of Arizona*, 943 P.2d 808, 810 (Ariz. App. 1997) (concluding insurer's statement concerning "fair value" of plaintiff's claim did not bind it to pay at least that amount). Plaintiff's arguments to the contrary fail as a matter of law.

###### iii.    *Execution of release*

Finally, Plaintiff argues that a jury could find that State Farm acted unreasonably by conditioning payment on Plaintiff's execution of a release of her UIM claim. The Court disagrees.

Plaintiff cites to inapposite and non-binding authority to support her argument. She cites to *Carpenter v. Am. Fam. Mut. Ins. Co.*, No. 13-CV-1986-JLK, 2015 WL 8529775, at *2 (D. Colo. Dec. 11, 2015), to argue that an insurer conditioning payment of benefits on an executed release is unreasonable. However, Judge Kane found in *Carpenter* that the insurer "**never disputed** [the plaintiff's] serious injuries and its withholding of UIM payments under its policy, quite simply, an extortion." *Id.* (emphasis added). Likewise, in *Hatfield v. Liberty Mut. Ins. Co.*, 98 F. App'x 789 (10th Cir. 2004), the Tenth Circuit held that it was bad faith, under Oklahoma law, for an insurer to withhold payment until a release was signed where the insurer did not dispute that an amount was due under the policy. *Id.* at 794. Thus, both cases are distinguishable in that they involved an insurer refusing to pay undisputed economic damages.

The Court agrees with Judge Mix that the reasoning of the Arizona Court of Appeals in *Voland*, 943 P.2d at 810, with respect to the settlement and release of insurance claims is persuasive in this case. The *Voland* court cautioned that

> [i]f, in order to avoid a bad faith claim, UM carriers were obligated to pay the amount of their lowest settlement offer without obtaining any release and before any arbitration hearing or award, they would have little if any incentive to settle. Imposing such a requirement would have a chilling effect on genuine settlement evaluations and negotiations. The effect would be to

deter settlement and foster litigation, whereas our system of justice encourages settlement and discourages litigation.

*Id.*

Accordingly, upon *de novo* review, the Court agrees with Judge Mix that Plaintiff has failed to state a claim for statutory unreasonable delay or denial of benefits and common law bad faith breach of insurance contract as a matter of law.

### IV.    CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

- Plaintiff's Objections to Report and Recommendation of United States Magistrate Judge (Doc. # 57) are OVERRULED;

- the February 16, 2021 Recommendation of United States Magistrate Judge (Doc. # 55) is AFFIRMED AND ADOPTED as an Order of this Court;

- Defendant's Partial Motion to Dismiss for Failure to State a Claim (Doc. # 28) is GRANTED IN PART and DENIED IN PART. It is DENIED to the extent it moves the Court to strike certain portions of the Amended Complaint pursuant to Fed. R. Civ. P. 12(f). It is GRANTED to the extent it seeks dismissal of Plaintiff's statutory and common law bad faith claims pursuant to Fed. R. Civ. P. 12(b)(6). Such claims are hereby DISMISSED WITH PREJUDICE;[4] and

---

[4] For the reasons discussed herein, Plaintiff cannot proceed with her extracontractual claims and any further opportunity to amend her complaint would be futile. Therefore, dismissal with prejudice is appropriate. *See Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1219 (10th Cir.

- Plaintiff's First Claim for Relief for breach of contract remains.

DATED:  September 30, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

---

2006) (explaining "[a] dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile").